```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
MERMAID LANDINGS LLC,

                        Plaintiff,
                                              MEMORANDUM & ORDER
        -against-                             15-CV-3100(JS)(ARL)

GDM LTD., INC., DAVID BALLINGER,
and A&M MANUFACTURING, INC.,

                        Defendants.
----------------------------------------X
APPEARANCES
For Plaintiff:          Michael Evan Stern, Esq.
                        Kristin Eileen Poling, Esq.
                        Robin, Fiorella & Friedman LLP
                        630 Third Ave., 3rd Floor
                        New York, NY 10017

For Defendants
GDM Ltd., Inc.:         No appearance

David Ballinger:        No appearance

A&M Manufacturing:      A&M Manufacturing, Inc., pro se
                        26988 SE Highway 19
                        Old Town, FL 32680
```

SEYBERT, District Judge:

Currently pending before the Court is Magistrate Judge Arlene R. Lindsay's Report and Recommendation dated August 5, 2016 (the "R&R"), with respect to plaintiff Mermaid Landings LLC's ("Plaintiff") motion for entry of a default judgment against defendant GDM Ltd., Inc. ("GDM"). (Docket Entries 14 and 16.) Judge Lindsay recommends that Plaintiff's motion be denied with leave to renew. (R&R, Docket Entry 16, at 1.) Plaintiff has filed objections, which are presently before the Court. (Pl.'s Obj.,

Docket Entry 20.) For the reasons set forth below, Plaintiff's objections are OVERRULED, the R&R is ADOPTED in its entirety, and Plaintiff's motion is DENIED WITHOUT PREJUDICE and with leave to renew.

BACKGROUND

On May 28, 2015, Plaintiff commenced this action against defendants GDM, David Ballinger ("Ballinger"), and A&M Manufacturing, Inc. ("A&M"), asserting a federal claim pursuant to the Magnuson-Moss Warranty Act and state law claims for breach of the New York Uniform Commercial Code, breach of contract, violations of the New York Consumer Protection Act, breach of the Florida Uniform Commercial Code, violations of the Florida Consumer Protection Statute, and breach of warranty. (See Compl. ¶¶ 30-66.)

The Complaint alleges, in relevant part, that Plaintiff purchased a defective houseboat from GDM, which designs and sells MetroShip Brand custom houseboats. (Compl. ¶¶ 12, 14, 25.) Ballinger is the owner of GDM, (Compl. ¶ 5), and GDM engaged A&M to construct Plaintiff's houseboat (Compl. ¶ 18). After Plaintiff discovered numerous defects in her houseboat, Ballinger indicated that he would "remedy the situation." (Compl. ¶ 26.) A&M dispatched employees to Montauk, New York, to repair Plaintiff's houseboat; however, A&M employees failed to complete the repairs. (Compl. ¶¶ 27-28.)

2

On October 26, 2015, the Clerk of the Court entered a default against GDM pursuant to Federal Rule of Civil Procedure 55(a). (Docket Entry 13.) On November 4, 2015, Plaintiff moved for the entry of default judgment against GDM. (Pl.'s Mot., Docket Entry 14.) On January 16, 2016, the Court referred Plaintiff's motion to Judge Lindsay for a report and recommendation on whether the motion should be granted. (Docket Entry 15.)

A. The R&R

The R&R recommends that Plaintiff's motion be denied with leave to renew. At the outset, Judge Lindsay referenced the affidavits of service filed with respect to Plaintiff's attempted service of the Summons and Complaint on GDM and Ballinger. (R&R at 1-2.) Judge Lindsay noted that while Plaintiff attempted to serve GDM pursuant to New York Business Corporation Law Section 307, the affidavit of service "causes some concern." (R&R at 1.)[1] Additionally, Judge Lindsay noted that the affidavit of service filed regarding Ballinger indicates that Plaintiff's process

---

[1] The R&R states that while the affidavit of service indicates that the Summons and Complaint were delivered to the New York Secretary of State, "the Florida process server tasked with the job of mailing a copy to GDM had difficulty because the address for such service was a United States Post Office." (R&R at 1-2). However, as set forth more fully infra, the Court's review of Plaintiff's affidavits of service indicates that the Summons and Complaint were mailed to GDM at a Zellwood, Florida address, but Plaintiff's process server was unable to personally serve GDM at that address because it is a post office that does not accept service. (Pl.'s Affs., Docket Entry 6.)

3

server was unable to locate Ballinger. (R&R at 2.) As a result, Judge Lindsay concluded that A&M is the only defendant "clearly on notice of this action." (R&R at 2.) Judge Lindsay also noted that the Clerk of Court declined to enter default against Ballinger in light of the improper service. (R&R at 2.)

Judge Lindsay stated that Plaintiff failed to properly support its motion, noting that Plaintiff did not submit a memorandum of law or proffer factual support and its "three page affidavit does not even cite to the complaint." (R&R at 2.) Judge Lindsay concluded that "without more support, the court must recommend that the motion be denied at this time." (R&R at 2.)

DISCUSSION

"When evaluating the report and recommendation of a magistrate judge, the district court may adopt those portions of the report to which no objections have been made and which are not facially erroneous." Walker v. Vaughan, 216 F. Supp. 2d 290, 291 (S.D.N.Y. 2002) (citation omitted). A party may serve and file specific, written objections to a magistrate judge's report and recommendation within fourteen days of being served with the recommended disposition. See FED. R. CIV. P. 72(b)(2). Upon receiving any timely objections to the magistrate judge's recommendation, the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); see also FED. R. CIV.

4

P. 72(b)(3). A party that objects to a report and recommendation must point out the specific portions of the report and recommendation to which they are objecting to. See Barratt v. Joie, No. 96-CV-0324, 2002 WL 335014, at *1 (S.D.N.Y. Mar. 4, 2002) (citations omitted). The Court must conduct a de novo review of any contested sections of the magistrate judge's report. See Pizarro v. Bartlett, 776 F. Supp. 815, 817 (S.D.N.Y. 1991).

Plaintiff objects to the R&R and alleges that Judge Lindsay erred in recommending the denial of its motion because: (1) GDM was properly served, (2) Plaintiff was not required to file a memorandum of law, and (3) Plaintiff's failure to serve Ballinger is irrelevant as Plaintiff only moved for a default judgment against GDM. (Pl.'s Obj. 2-4.)

First, Judge Lindsay aptly noted that the affidavits filed regarding Plaintiff's attempted service of the Summons and Complaint on GDM raise concerns. (R&R at 1.) Plaintiff argues that GDM was properly served pursuant to New York Business Corporation Law ("BCL") Section 307 because Plaintiff served the New York Secretary of State and mailed a copy of the Summons and Complaint to GDM's last known business address. (Pl.'s Obj. at 2-3.)[2] While Plaintiff's affidavits of service state that the

---

[2] BCL Section 307(b)(2) provides that service on an unauthorized foreign corporation is sufficient where the process is personally delivered to the Secretary of State and a copy is sent by registered mail, return receipt requested, to "the post

5

Secretary of State was personally served and the Summons and Complaint were sent to GDM by registered mail, return receipt requested, at "3125 N. Washington [S]treet, #133 [Z]ellwood, [FL]. 32798" (the "Zellwood Address"), Plaintiff's affidavit of non-service indicates that a process server attempted to serve GDM at the Zellwood Address but was advised that the Zellwood Address is a post office that does not accept service. (Pl.'s Affs., Docket Entry 6-1.) Plaintiff alleges that the Summons and Complaint was mailed to GDM's "last known business address," but fails to proffer any documentation or additional support for the questionable notion that the Zellwood Address--which is apparently a post office--is GDM's last known business address. (Pl.'s Obj. at 2-3.)

Second, Plaintiff's argument that it was not required to submit a memorandum of law in support of its motion is without merit. Local Civil Rule 7.1(a)(2) provides that with the exception of letter motions, all motions filed in this Court shall include, inter alia, "[a] memorandum of law, setting forth the cases and other authorities relied upon in support of the motion, and

---

office address specified for the purpose of mailing process, on file in the department of state, or with any official or body performing the equivalent function, in the jurisdiction of its incorporation, or if no such address is there specified, to its registered or other office there specified, or if no such office is there specified, to the last address of such foreign corporation known to the plaintiff." N.Y. BCL § 307(b)(2).

6

divided, under appropriate headings, into as many parts as there are issues to be determined[.]" Where the plaintiff fails to file a memorandum of law pursuant to Local Civil Rule 7.1(a)(2), "the Court may deny the motion, though it is not required to do so." Cardoza v. Mango King Farmers Market Corp., No. 14-CV-3314, 2015 WL 5561033, at *2 n.4 (E.D.N.Y. Sept. 1, 2015), report and recommendation adopted, 2015 WL 5561180 (E.D.N.Y. Sept. 21, 2015). Here, as noted by Judge Lindsay, Plaintiff not only failed to file a memorandum of law, but its supporting attorney affirmation also failed to include any legal authority or even citations to the Complaint. (See generally Pl.'s Affm., Docket Entry 14-1; see also R&R at 2.) Moreover, the Court concurs with Judge Lindsay that Plaintiff woefully failed to factually support its request for damages or attorneys' fees. (R&R at 2.)

To the extent Plaintiff argues that it is entitled to default judgment for a sum certain pursuant to Federal Rule of Civil Procedure Rule 55(b)(1), that argument is also misplaced. (Pl.'s Obj. at 3.) Rule 55(b)(1) provides that "[i]f the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk--on plaintiff's request, with an affidavit showing the amount due--must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing[.]" FED. R. CIV. P. 55(b)(1). However, the Complaint does not set forth a claim for a sum certain. Rather, the Complaint

7

seeks the following relief: "judgment in [Plaintiff's] favor for all Courts, money damages, attorney's fees, interests and costs and all available additional relief as this Court sees fit." (Compl. at 11.) Parenthetically, while Plaintiff's objections allege that its "damages have specifically been shown to be $121,380," (Pl.'s Obj. at 3), Plaintiff has provided no evidentiary support for its purported damages calculation, aside from the Complaint's allegation that the price of the houseboat was $121,380, (see Compl. ¶ 16).

Third, the Court construes Judge Lindsay's discussion of Plaintiff's failure to serve Ballinger as part of the factual background of Plaintiff's motion, rather than a basis for her recommendation that Plaintiff's motion be denied.

CONCLUSION

For the foregoing reasons, Plaintiff's objections (Docket Entry 20) are OVERRULED and Judge Lindsay's R&R (Docket Entry 16) is ADOPTED in its entirety. Plaintiff's motion for default judgment against GDM (Docket Entry 16) is DENIED WITHOUT PREJUDICE and with leave to renew. Plaintiff is directed to serve a copy of this Memorandum and Order on all defendants and to file proof of service on ECF.

SO ORDERED.

Dated: September  21 , 2016        /s/ JOANNA SEYBERT
       Central Islip, NY           Joanna Seybert, U.S.D.J.